IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHANCE and TIFFANY ELLIOTT, as husband and wife, and as natural parents of AUGUST DEAN ELLIOTT, a minor child, deceased,<br><br>   Plaintiffs,<br><br>v.<br><br>JEFFREY SMITH, R.N., AYA HEALTHCARE, INC. and/or AYA HEALTHCARE SERVICES, INC., JOHN DOE and JANE DOE, husband and wife, I through X, and BUSINESS ENTITIES, I through X,<br><br>   Defendants. | Case No. 1:16-CV-00388-BLW<br><br>**PROTECTIVE ORDER TO RESTRICT DISSEMINATION OF CONFIDENTIAL INFORMATION** |

  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED:

PROTECTIVE ORDER TO RESTRICT DISSEMINATION OF CONFIDENTIAL INFORMATION, Page 1

1.  That this Protective Order governs the use of Protected Material, as defined herein, by the parties in this case.

2.  In this Protective Order, the term "Protected Material" shall mean information designated as confidential pursuant to this Protective Order. The party or non-party requesting information be marked as confidential shall be identified as the "Designator."

3.  That the Designator has designated, or may designate, as "Protected Material," information, not known or available to the public, which constitutes trade secrets or proprietary, confidential, or commercial information, including information related to confidential settlements reached by or among the parties and non-parties.

4.  That the Protected Material shall be marked by the placement of an appropriate stamp, sticker, or other indicia in substantially the following form:

> CONFIDENTIAL
> See Protective Order
> *Elliott v. Smith, et al.*
> Case No. 1:16-cv-00388-BLW

5.  That a party shall only use the Protected Material that is disclosed or produced by another party or by a non-party solely in respect to this case.

6.  That the protections conferred by this Protective Order cover not only the Protected Material, but also (a) any information copied or extracted from the Protected Material; (b) all copies, excerpts, summaries, or compilations of the Protected Material; and (c) any testimony, conversations, or presentations by the parties or their counsel that might reveal information contained in the Protected Material.

7.  That such Protected Material shall only be disclosed to:

    (a) a party and that party's attorney provided that they execute a stipulation to comply with this Protective Order, and any other person who has executed a

stipulation to comply with this Protective Order who is assisting such attorney for whom access to confidential information is necessary to perform a duty with respect to this case. The execution of a stipulation to comply with this Protective Order by any member of a law firm shall constitute a representation that all persons in or employed by that firm shall observe this Protective Order and shall satisfy the requirement that such persons sign a stipulation to comply with the Protective Order prior to obtaining Protected Material; provided, however, that experts, consultants, and other persons who are not employed by a party's attorney or the law firm representing a party and who are retained to assist a party or a party's attorney in this matter must sign a stipulation to comply with the Protective Order.

      (b)    The Court and its personnel.

      (c)    Court reporters retained to record and transcribe testimony in this case.

8. Each party and their counsel must store the Protected Material in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

9. Upon final disposition of this litigation, whether by settlement or final judgment, the originals and all copies of the Protected Material, as well as any originals or copies of discovery responses, pleadings, or other documents referring to the contents of the Protected Material, shall be given to the Designator within thirty (30) days of such final disposition.

10. A party may not file in the public record any Protected Material without written permission from the Designator or a court order secured after appropriate notice to all interested persons, including, but not limited to, any non-party who has disclosed Protected Material.

11.  In the event that any Protected Material is filed or lodged with the Court under seal, the Protected Material shall be marked on the first page and on each following page as follows:

| | |
|---|---|
| CHANCE and TIFFANY ELLIOTT, as husband and wife, and as natural parents of AUGUST DEAN ELLIOTT, a minor child, deceased,<br><br>          Plaintiffs,<br><br>v.<br><br>JEFFREY SMITH, R.N., AYA HEALTHCARE, INC. and/or AYA HEALTHCARE SERVICES, INC., JOHN DOE and JANE DOE, husband and wife, I through X, and BUSINESS ENTITIES, I through X,<br><br>          Defendants. | Case No. 1:16-CV-00388-BLW<br><br>**PROTECTIVE ORDER TO RESTRICT DISSEMINATION OF CONFIDENTIAL INFORMATION** |

12.  A party or non-party wishing to file documents under seal shall file a motion with the Court in accordance with Rule 5.3 of the Local District Rules of Procedure, United States District Court, District of Idaho.

13.  The provisions of this Protective Order shall not terminate with the disposition of this action.  Even after final disposition of this litigation, whether by settlement or final judgment, the confidentiality obligations imposed by this Protective Order shall remain in effect.

14.  The terms of this Protective Order are applicable to documents and other information produced by a non-party when designated as "Protected Material" or as

"Confidential." Such information produced by non-parties is protected by the remedies and relief provided by this Protective Order.

15. The entry of this Protective Order shall not be interpreted to compel production of any documents in this litigation by either parties or non-parties.

Dated: **October 20, 2016**

B. Lynn Winmill
Chief District Judge
United States District Court